(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: _____

**WILLIAM H JONES Jr.**
**R.A.A.C. Docket N0 21-00801**
Plaintiff(s)

v.

**REEMPLOYMENT ASSISTANCE APPEALS COMMISSION**
Defendant(s)



FILED BY ____ D.C.
JUL 22 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## Complaint
*(TITLE OF DOCUMENT)*

I, William H Jones Jr., plaintiff or defendant, in the above styled cause,

STATE OF FLORIDA: REEMPLOYMENT ASSISTANCE APPEALS COMMISSION R.A.A.C. Docket No: 21-00801 Referee Decision No: 0063083497-04U 29 U.S. Code Chapter 6 - JURISDICTION OF COURTS IN MATTERS AFFECTING EMPLOYER AND EMPLOYEE. Review by court of appeals of issuance or Denial of temporary injunctions Record Responsibility of officers and members of Associations or their organizations for unlawful acts of individual officers Members, and agents. Noncompliance with Obligations involved in labor disputes or Failure to settle by negotiation or arbitration as preventing injunctive relief.

29 USC 2002 - Prohibitions on lie detector use.

Sec. 2002. Prohibitions on lie detector use

Except as provided in sections 2006 and 2007 of this title, it shall be unlawful for any employer engaged in or affecting Commerce or in the production of goods for Commerce. (1) directly or indirectly, to require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test; (2) to use, accept refer to, or inquire concerning the results of any lie detector test of any employee or prospective employee; (3) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against- (A) any employee or prospective employee who refuses, declines, or fails to take or submit to any lie detector test, or (B) any employee or prospective employee on the basis of the results of any lie detector test; or (4) to discharge, discipline, discriminate against in any manner, or deny employment or promotiom to, or threaten to take any

such action against, any employee or prospective employee because - (A) such employee or prospective employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, (B) such employee or prospective employee has testified or is about to testify in any such proceeding, or (C) of the exercise by such employee or prospective employee, on behalf of such employee or another person, of any right afforded by this Chapter.

Rule 8. General Rules of Pleading
(a) Claims for Relief. A pleading that states a claim for relief - whether an original claim, a counterclaim, a crossclaim, or a third-party claim - must contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for the relief sought, which may include relief in the alternative or different types of relief.
(b) Defenses and Denials.
(1) In General. In responding to a pleading, a party must (A) state in short and plain terms its defenses to each claim

asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party. (2) Denials - Responding to the Substance. A denial must fairly respond to the substance of the allegation. (3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted. (4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. (5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial. (6) Effect of Failing to Deny. An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

(Rev. 10/2002) General Document

(c) Affirmative Defenses. (i) In General. In responding to a pleading a party must affirmatively state any avoidance or affirmative defense, including: Case # 12CB255759 #12CB3692 #12CB241636 #12CB239034
ILA Local 1416 (South Florida Container Terminal)
ILA Local 1526 (Eller ITO) Case # 12-CB274634
ILA Local 1526 Case # 12CB209981  11/14/2017
ILA Local 1526 Case # 12CB211146  12/7/2017
ILA Local 1526 Case # 12CB215728  3/1/2018
ILA Local 1526 Case # 12CB235816  2/12/2019
ILA Local 1526 Case # 12CB236949  2/27/2019
ILA Local 1526 Case # 12CB239034  4/3/2019
ILA Local 1526 Case # 12CB239800  4/17/2019
ILA Local 1526 Case # 12CB241393  5/13/2019
ILA Local 1526 Case # 12CB241669  5/17/2019
ILA Local 1526 Case # 12CB208526  10/23/2017

**Certificate of Service**

I William H Jones Jr, certify that on this date July 22, 2021 a true copy of the foregoing document was mailed to: 1211 Governors Square Blvd

name(s) and address(es)

Appeals Commission Suite 300 Tallahassee, FL 32301

By:
William H Jones Jr
Printed or typed name of Filer

Signature of Filer

WilliamhJones.WJ.55@gmail.com
E-mail address

Florida Bar Number

305 804-0271
Phone Number

Facsimile Number

P.O. Box 501
Street Address

HALLANDALE, FL 33008
City, State, Zip Code